UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KEESHA S. MILLER, | : | Hon. Joseph H. Rodriguez |
| Plaintiff, | : | Civil Action No. 10-817 |
| v. | : | MEMORANDUM |
| | | OPINION |
| NEW JERSEY DEPARTMENT OF CORRECTIONS, | : | & ORDER |
| Defendants. | : | |

This matter is before the Court on a motion for summary judgment filed on behalf of Defendants New Jersey Department of Corrections, Capt. John Poinsette in his individual and official capacities as Captain of the Department of Corrections, Sgt. Mary Beverly in her individual and official capacities as Sergeant of the Department of Corrections, Lt. David Kershaw in his individual and official capacities as Lieutenant of the Department of Corrections, and Denise Coleman in her individual and official capacities as Officer of the Department of Corrections.[1] For the reasons set forth below, the case will be remanded to State court.

Plaintiff Keesha S. Miller, an African-American female, originally filed an eight-count Complaint in this Court against the four named Defendants on or about August 8, 2008. (Snyder Cert., Ex. B.) She sought damages under 42 U.S.C. § 1983 for the deprivation of her civil rights as the result of a July 13, 2007 "strip search" permitted by Poinsette, conducted by Beverly, in the course of her employment at Riverfront State Prison in Camden, New Jersey. (Id.) On December 17, 2009, this Court dismissed the

---

[1] In briefing the instant motion, Plaintiff has stated that she "is filing a motion pursuant to Fed. R. Civ. P. 41(a)(2) to voluntarily dismiss . . . all claims against Lieutenant David Kershaw and Officer Denise Coleman." (Pl. Br., p. 1, n.1.) The remaining Defendants, then, appear to be the NJ DOC, Capt. John Poinsette, and Sgt. Mary Beverly.

case for lack of jurisdiction after Plaintiff asked that the matter be "transferred" to State court because it was improperly filed in federal court. (Snyder Cert., Ex. C.)

Plaintiff subsequently filed a Complaint against the same four Defendants in the Superior Court of New Jersey, Camden County, Law Division on December 22, 2009. (Snyder Cert., Ex. A.) In the Complaint, however, Plaintiff stated, "This is a lawsuit brought to redress the deprivation by Defendants of rights secured to the Plaintiff by the United States Constitution, the laws of the United States of America and the laws of the State of New Jersey." (Id., Compl. ¶ 1.) In addition, in the count that alleged constructive discharge under the NJLAD, the Complaint stated that "Defendants deliberately sought to deprive Plaintiff of a friendly working environment and reasonable accommodation in violation of the [NJLAD] and the Fourteenth Amendment on the basis of equal protection in regards to gender." (Id., ¶ 35.) Accordingly, Defendants removed the case to this Court on February 17, 2010. (Snyder Cert., Ex. D.)

The crux of the Complaint is that Plaintiff was employed by the New Jersey Department of Corrections as of April 9, 2005, and on July 13, 2007, was assigned to Riverfront State Prison in Camden, New Jersey. When she arrived for work that day, Plaintiff went through the metal detector, which sounded an alarm. As a result, Plaintiff was "wanded" with a hand held metal detector by Senior Corrections Officer Coleman. There was some history between Plaintiff and Coleman; it was clear that they did not get along. (Miller Dep., 20:17-24.) Nonetheless, as a result, Plaintiff was denied immediate entrance to the facility. "It was reported that SCO Miller was in the habit of reporting to work at the very last minute, demanding entrance to get to line-up on time without successfully passing through the metal detector." (Snyder Cert., Ex. E, DOC Administrative Investigation Report.)

Because Plaintiff failed to clear both the metal detector and the hand wand, Defendant Poinsette ordered Defendant Beverly to escort Plaintiff to the ladies' locker room and inspect her vest for any contraband. (Id.) The report stresses that there was no order for a strip search. (Id.) No contraband was found; Beverly reported that Plaintiff was wearing two underwire bras which caused the metal detectors to alarm. (Id.) Plaintiff is currently assigned to the Central Reception and Assignment Facility, Trenton, New Jersey as a Senior Corrections Officer. (Snyder Cert., Ex. G, Todd Aff., ¶ 4.)

Count One of the Complaint alleges gender discrimination and sexual harassment in violation of the NJLAD, N.J. Stat. Ann. § 10:5-12. Count Two asserts that Defendants did not reasonably accommodate Plaintiff's disability because they denied her a transfer in violation of the NJLAD, N.J. Stat. Ann. § 10:5-1. In briefing the instant motion, however, Plaintiff has stated that she "is filing a motion pursuant to Fed. R. Civ. P. 41(a)(2) to voluntarily dismiss her claims of discrimination based upon disability . . . in violation of the NJLAD." (Pl. Br., p. 1, n.1.) Count Three alleges constructive discharge due to gender bias and sexual harassment in violation of the NJLAD, N.J. Stat. Ann. § 10:5-1. This is the count of the Complaint that references the Fourteenth Amendment. Again, however, in briefing the instant motion, Plaintiff has stated that she "is filing a motion pursuant to Fed. R. Civ. P. 41(a)(2) to voluntarily dismiss her claims of discrimination based upon . . constructive discharge in violation of the NJLAD." (Pl. Br., p. 1, n.1.) Count Four asserts a violation of the New Jersey Civil Rights Act, N.J. Stat. Ann. § 10:6-2, because Plaintiff allegedly was subjected to an unlawful strip search.

It appears from the briefing that the only claims Plaintiff intends to pursue are Counts One and Four of the Complaint, the NJLAD claim concerning sexual harassment and gender discrimination and the NJCRA claim that stemmed from the "strip search." In addition, it appears from the face of the Complaint, and the procedural history of this case, that Plaintiff had no intention of pursuing any claims other than those under State law. Indeed, both parties' briefs ground their arguments in New Jersey State law, not independent federal principles.

Where removal is predicated on federal question jurisdiction, remand is proper where the plaintiff's claim does not "arise under" federal law. 28 U.S.C. § 1331. To determine whether a case "arises under" federal law, a court must look to the allegations on the face of the plaintiff's "well pleaded complaint." Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987); Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 10 (1983). Lower federal courts have jurisdiction to hear "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd., 463 U.S. at 27-28. See also Empire Healthchoice Assur., Inc. v. McVeigh, 547 U.S. 677, 690 (2006) (A claim "'aris[es] under' federal law within the meaning of § 1331 . . . if 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'").

Thus, the federal law under which a claim arises must be a direct and essential element of the cause of action in order to establish federal question jurisdiction. Id. at 10-11. That is, "the mere presence of a federal issue in a state cause of action does not

4

automatically confer federal question jurisdiction." Merrell Dow Pharms., Inc. v. Thompson, 478 U.S. 804, 813 (1986). Rather, the court must consider "the degree to which federal law [is] in the forefront of the case and not collateral, peripheral or remote." Id. at 814 n.11 (citation omitted). The Court has particularly emphasized the "need for careful judgments about the exercise of federal judicial power in an area of uncertain jurisdiction." Id. at 814. "[T]he question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). The Third Circuit Court of Appeals has cautioned that "[b]ecause lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand." Abels v. State Farm Fire and Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985).

In addition, the plaintiff is the "master of the claim" and can avoid federal jurisdiction by "exclusive reliance on state law." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). "[A] defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated." Id. at 399.

In this case, the Court finds that federal question jurisdiction has not been established because Plaintiff's Complaint does not assert a cause of action arising directly under federal law, nor is federal law a substantial and disputed issue in any of

Plaintiff's alleged State law claims.  Because no federal question exists on the face of Plaintiff's well-pleaded Complaint, and because there is no other basis for federal district court jurisdiction over this case, removal of this action to this Court was improper.  As such, the Court again finds itself lacking federal subject matter jurisdiction over this matter.  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  If the matter over which the court does not have jurisdiction was removed from State court, the matter may be remanded.  In re Orthopedic Bone Screw Prods. Liab. Litig., 132 F.3d 152, 155 (3d Cir. 1997).

Accordingly,

IT IS ORDERED this 14th day of March, 2012 that this matter is to be REMANDED to the Superior Court of New Jersey, Camden County, Law Division as this Court is without subject matter jurisdiction.

IT IS FURTHER ORDERED that the motion for summary judgment filed on behalf of Defendants and Plaintiff's motion for leave to file a sur-reply are hereby DISMISSED AS MOOT.

/s/ Joseph H. Rodriguez
JOSEPH H. RODRIGUEZ
U.S.D.J.